**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **COUNTY OF VAN ZANDT,** § § § **Plaintiff,** § § v. § § **AMERISOURCEBERGEN CORPORATION, CARDINAL HEALTH, INC., MCKESSON CORPORATION, PURDUE PHARMA INC., PURDUE PHARMA, L.P., THE PURDUE FREDERICK COMPANY, JOHNSON & JOHNSON, ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC., N/K/A JANSSEN PHARMACEUTICALS, INC., ENDO HEALTH SOLUTIONS, INC., ENDO PHARMACEUTICALS, INC., ABBVIE INC., KNOLL PHARMACEUTICAL COMPANY, A WHOLLY-OWNED SUBSIDIARY OF ABBVIE INC., ALLERGAN PLC F/K/A ACTAVIS PLC, ALLERGAN FINANCE LLC F/K/A ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ACTAVIS LLC, ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC., JANSSEN PHARMACEUTICALS, INC.,** § § § § § § § § § § § § § § § § § § § § § § § § § **Defendants.** § § | **CIVIL ACTION NO. 6:18-CV-00064-RWS** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff County of Van Zandt's Motion to Remand (Docket No. 4) and Defendants AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson

Corporation's Motion to Stay (Docket Nos. 6, 22). Upon consideration of the parties' arguments, the Court **GRANTS** Plaintiff's Motion to Remand (Docket No. 4) and **DENIES** Defendants' Motion to Stay (Docket Nos. 6, 22).

## BACKGROUND

On January 2, 2018, Plaintiff County of Van Zandt filed this action in the 294th Judicial District Court of Van Zandt County, Texas, against distributors, manufacturers, and unknown dealers of opioids (Docket No. 2). Those parties specifically include Cardinal Health Inc., AmerisourceBergen Corporation, McKesson Corporation (collectively, the "Distributor Defendants"), Purdue Pharma LP, Purdue Pharma Inc., The Purdue Frederick Company, Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutical, Inc. n/k/a Janssen Pharmaceuticals, Inc., Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., AbbVie Inc., Knoll Pharmaceutical Company, a wholly-owned subsidiary of AbbVie, Inc., Allergan Finance LLC formerly known as Actavis, Inc. formerly known as Watson Pharmaceuticals, Inc., Allergan, PLC, formerly known as Actavis, PLC, Watson Laboratories Inc., Actavis, LLC, Actavis Pharma, Inc., formerly known as Watson Pharma, Inc. (collectively, the "Manufacturer Defendants"), and DOES 1–100.

On February 9, 2018, the Distributor Defendants removed this case to the United States District Court for the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that removal was proper based upon diversity of citizenship (Docket No. 1 at 2–5). The Distributor Defendants assert diversity on the basis that they are all citizens of states other than Texas, that Plaintiff is a citizen of Texas, and that the Manufacturer Defendants

should be severed for improper joinder (Docket No. 1 at 5–13).[1] Defendants acknowledge that one of the Manufacturer Defendants, Purdue Pharma, LP, is a Texas citizen (Docket No. at 6 n.2.). On February 14, 2018, Plaintiff filed a motion to remand (Docket No. 4). On February 28, 2018, Defendants filed their response (Docket No. 56), to which Plaintiff filed a reply (Docket No. 58).

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. H-10-1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010).

The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire & Cas. Co.*, No. 1:09-CV-142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill.*

---

[1] Distributor Defendants also contend that the citizenship of unknown "DOE" defendants can be ignored. (Docket No. 1 at 6.) *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded.").

*Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id*. "The possibility of imposing liability must be reasonable, [] and not merely theoretical." *Stewart v. World Ins. Co.*, No. 4:06-CV-501, 2007 WL 2746796, at *2 (E.D. Tex. Sept. 19, 2007) (citing *Smallwood*, 385 F.3d at 573 n.9; *Great Plains Tr.*, 313 F.3d at 312; *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f

a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch*, 491 F.3d at 284. However, the plaintiff must plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ANALYSIS

### I. Improper Joinder

A defendant may prove improper joinder by showing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The test to determine whether a plaintiff is unable to establish a cause of action against a non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

The Distributor Defendants do not argue that Plaintiff pled actual fraud in its statement of jurisdictional facts, or that Plaintiff cannot establish a cause of action against the Manufacturer Defendants in state court. Rather, the Distributor Defendants claim that the Manufacturer Defendants should be severed under Rule 21 of the Federal Rules of Civil Procedure, or that the citizenship of the Manufacturer Defendants should be ignored under the fraudulent misjoinder doctrine. (Docket No. 1 at 6–13.)

### A. Severance under FRCP 21

"Rule 21 of the Federal Rules of Civil Procedure establishes that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," and "[t]he court may sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). Trial courts have broad discretion to sever issues to be tried before it. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). "Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Id.* Generally, if both prongs are met, "permissive joinder of plaintiffs . . . is at the option of the plaintiffs. . . ." *Applewhite*, 67 F.3d at 574. Because the purpose of Rule 20 is to facilitate trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits, district courts should liberally construe permissive joinder of claims and parties in the interest of judicial economy. *Klein Indep. School Dist. v. Hovem*, No. H–09–137, 2010 WL 1068076, at *4 (S.D. Tex. Mar. 22, 2010) (citing *United Mine Workers*, 383 U.S. at 724 ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.")); *see also Acevedo*, 600 F.3d at 521.

The Distributor Defendants assert that the claims against the Manufacturer Defendants are "wholly distinct" from the claims against them and that the Court should sever the claims against the Manufacturer Defendants who are dispensable parties under Rule 19 and who do not share a common question of law or fact with Distributor Defendants under Rule 20 (Docket No. 1 at 7–10). Specifically, the Distributor Defendants point out that Plaintiff alleges over 30 pages of facts related to fraudulent marketing against the Manufacturer Defendants and only alleges that the Distributor Defendants did nothing despite a rise in opioid orders by retailers. *Id.* Plaintiff argues that the claims against all Defendants involve common issues of law and fact (Docket No. 4-1 at 4–7). Specifically, Plaintiff asserts that the claims alleged against the "Distributor Defendants are intertwined with [the claims against the Manufacturer Defendants] because they profited from distributing these drugs into communities and knowingly failed to report or halt the increase in opioid distribution and/or sale." *Id.* at 7. Plaintiff claims that the Manufacturer Defendants engaged in a financial scheme with the Distributor Defendants who "shared the self-interest and motivation to manufacture, distribute, and prescribe the same medications to increase their own profits" *Id.*

The Court finds that Plaintiff's claims satisfy Rule 20 and that the Manufacturer Defendants are not dispensable under Rule 19. This case involves claims against Defendants for engaging in a financial scheme to fraudulently market and fuel the sale of opioids. The alleged acts are sufficiently intertwined with respect to the Manufacturer and Distributor Defendants through the alleged common goal to increase profits through an alleged fraudulent scheme involving the sale of opioids. Thus, the claims at issue are not so separate and distinct such that joinder would constitute injustice. By contrast, Plaintiff will be highly prejudiced if the Manufacturer Defendants are severed and the Distributor Defendants are able to shift blame on to the absent

Manufacturer Defendants. Joinder promotes efficiency and will reduce delay, inconvenience, and expense to the parties in this case. Therefore, the Court finds that joinder is proper.

### B. Fraudulent Misjoinder

The Distributor Defendants also claim that the citizenship of the Manufacturer Defendants should be ignored under the fraudulent misjoinder doctrine because Plaintiff's claims against the Manufacturer Defendants are factually and legally distinct from the claims against the Distributor Defendants and because the Manufacturer Defendants were joined in order to defeat diversity jurisdiction. (Docket No. 1 at 12–13.)

Although not expressly adopted by the Fifth Circuit, district courts in the Fifth Circuit have considered the fraudulent misjoinder doctrine referred to as *Tapscott* severance. *See Tex. Instruments Inc. v. Citigroup Glob. Markets, Inc.*, 266 F.R.D. 143, 152 (N.D. Tex. 2010) ("[D]istrict courts within this circuit have considered numerous cases removed from state court on the basis of allegedly fraudulent misjoinder, and the overwhelming majority of those cases have been remanded to state court, often on the ground that even if the parties have been misjoined, such misjoinder is not so egregious as to be fraudulent."); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). However, for the same reasons described above, the Court finds that the Distributor Defendants do not allege facts that illustrate that the alleged misjoinder was "egregious." *See Tapscott*, 77 F.3d at 1360. The Court therefore finds no fraudulent misjoinder under *Tapscott*.

### II. Motion to Stay

The Distributor Defendants also move to stay this case pending possible transfer to Multidistrict Litigation No. 2804 in the Northern District of Ohio (Docket Nos. 6, 22). However, because this Court does not have subject matter jurisdiction over this case, it has no authority to

stay the case and declines to do so.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Docket No. 4) is hereby **GRANTED** and this case is remanded to the 294th Judicial District Court of Van Zandt County, Texas. It is further **ORDERED** that Defendants' Motion to Stay (Docket Nos. 6, 22) is **DENIED**.

**SIGNED this 16th day of April, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE